UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

EMILY CAREY AND                :        CIVIL ACTION NO. 2:13-cv-2293
PERONIA JACKSON

VERSUS                         :        JUDGE MINALDI

ALLSTATE INURANCE
COMPANY                        :        MAGISTRATE JUDGE KAY

<u>MEMORANDUM ORDER</u>

Before the court is the Motion to Remand filed by plaintiffs Emily Carey and Peronia
Jackson ("plaintiffs").  Doc. 5.  Defendant Allstate Insurance Company ("Allstate") removed this
action from Louisiana state court on July 7, 2013.  Doc. 1.   Plaintiffs argue that: (a) Allstate's
removal is barred by the statutory one-year time limit; and (b) even if the removal is not
time-barred, Allstate has failed to show that the amount-in-controversy threshold has been met.

We conclude that Allstate's failure to remove within one year was due to plaintiffs'
attempts to avoid federal jurisdiction and Allstate's removal was, therefore, timely pursuant to
the exception to the one-year rule enunciated by the Fifth Circuit Court of Appeal in *Tedford v.
Warner-Lambert Cp.*, 327 F.3d 423 (5th Cir. 2003).  We also conclude that Allstate has shown
that the amount in controversy now exceeds $75,000 and, accordingly, plaintiffs' Motion to
Remand is hereby DENIED.

## I.   FACTS & PROCEDURAL HISTORY

### A.  First Removal and Remand

The facts and holding of Allstate's original removal proceeding can be found in U.S.D.C., W.D. La., Lake Charles Div., 2:12-cv-02731, Doc. 21, and will not be fully repeated here.  Nevertheless, a brief summary is warranted.

In considering the first removal, this court found that Allstate failed to meet its burden of proving that the amount-in-controversy requirement of 28 U.S.C. § 1332 was met.  *Id*. Specifically this court concluded that plaintiffs' only demand then present was for less than $75,000 and that correspondence from plaintiffs' counsel threatening to add additional claims did not render the case removable.  *Id.*; *see also* 28 U.S.C. § 1446(b)(3) (2013). Notably, the one-year removal deadline expired while the first motion to remand was pending. Doc. 10, p. 4.

### B.  Post-Remand Proceedings

On March 6, 2013, one month after the first remand, plaintiffs moved the state court to consolidate the case with their suit against alleged arsonists.  Doc. 1, att. 9, pp. 14–20.  That motion was continued twice by the state court.  *Id.* at 29, 57.   That motion has not been refiled in this court as required by the court's removal order.  Doc. 4, pp. 1-2.

On May 1, 2013, in an effort to have the suit dismissed, Allstate simultaneously filed: (1) a Peremptory Exception of No Right of Action; and (2) a Motion for Summary Judgment. Doc. 1, p. 2.  The exception was based on the theory that only the mortgage company had the right to recover the unpaid mortgage balance.[1]  The Motion for Summary Judgment was premised on the argument that Allstate had paid the mortgage and had not acted in bad faith.[2]

---

[1] Allstate recently filed an analogous motion in this court under Fed. R. Civ. P. 12(b)(1). Doc. 13.
[2] Allstate filed their federal version of this motion pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 14.

On June 17, 2013, seeking to survive Allstate's motions, plaintiffs filed a Supplemental and Amending Petition ("Amended Petition").  The Amended Petition added claims for: (a) the difference between the mortgage that was paid to NationStar and the value of the home; (b) the value of the contents coverage in the home at the time of the loss; and (c) damages for debris removal and for other structure value under the policy.  Doc. 1, att. 4, p. 1.  Furthermore, plaintiffs claim that Allstate's failure to timely adjust the claim was arbitrary and capricious rendering Allstate liable for statutory penalties and attorneys' fees.  *Id.*  The Amended Petition continues to maintain that the combined value of Plaintiffs claims is less than $75,000.  *Id.*

### C.  Current Posture

On July 17, 2013, well after the one-year deadline, Allstate removed the case a second time based on the Amended Petition.  Doc. 1.  Allstate argues that the one-year deadline for removal should be tolled because Plaintiffs engaged in bad-faith forum manipulation by waiting more than a year to amend their petition in an apparent effort to defeat removal.  *Id.* at 3–4.

Allstate also contends that plaintiffs' claims for full damages under the policy, statutory penalties, and attorneys' fees clearly make the total value of Plaintiffs claims more than $75,000, despite plaintiffs' assertions to the contrary.  *Id.* at 5–7.  Finally, Allstate argues that, because plaintiffs failed to affirmatively renounce the right to collect more than $75,000, their stipulation as to the amount in controversy does not control.  *Id.* at 7.

In their Motion to Remand plaintiffs contend that the only reason they waited for over one year to amend their petition was because Allstate itself did not file its dispositive motions until after one year.  Doc. 5, att. 2, p. 11.  Plaintiffs claim that their amendments were only filed in an attempt to survive summary judgment or dismissal.  As such plaintiffs claim that their

actions do not present a pattern of fraudulent forum manipulation such that this court should equitably toll the one-year deadline.  *Id.* at 13.

Plaintiffs further contend that the court should not toll the deadline in Allstate's favor because Allstate has not been diligent in pursuing removal.  *Id.* at 15.  Plaintiffs alternatively argue that by filing dispositive motions in state court, Allstate "tested state court waters" and therefore waived its right to remove.  *Id.* at 16.

Additionally plaintiffs contend that it is not facially apparent from the Amended Complaint that their claims are above $75,000.  *Id.* at 19.  Plaintiffs state that their claim should not be equated with the limits under the policy. *Id.* at 21–23.

Finally, Plaintiffs seek an award of attorneys' fees related to the instant motion, contending that Allstate has no objectively reasonable basis for removal and that Allstate is the party guilty of forum shopping here. *Id.* at 23

### III. LEGAL STANDARDS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a) (2013).  District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1) (2013).  The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity among the parties.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

### A.  Timeliness of Removal

#### 1.  Generally

Generally, a defendant must file a notice of removal within 30 days from the time the defendant receives an "initial pleading setting forth the claim for relief . . . ."  28 U.S.C. § 1446(b)(1).  This 30-day period, however, "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the pleading is seeking damages in excess of the jurisdictional amount of the federal court."  *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

When the initial pleadings do not provide grounds for removal, defendants may remove the action "within 30 days after receipt . . . of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) (2013).  In all cases based on diversity jurisdiction, an action may not be removed more than one year from its commencement unless the district court finds that the plaintiff acted in bad faith in order to prevent removal.  28 U.S.C. § 1446(c)(1) (2013).

#### 2.  The *Tedford* Equitable-Tolling Exception

Because the instant action commenced before January 6, 2012, the statutory exception to the one-year removal deadline does not apply as the current version of the statute was not in effect when suit was filed.  *See* Pub. L. No. 112-63 §105(d).  However, the Fifth Circuit has long recognized a jurisprudential "equitable-tolling exception" to the one-year deadline and the 2011 amendments to the federal jurisdiction statutes simply codified a similar exception.  *Jones v. Shaner SPE Assoc.*, 2012 WL 1609884 at *1–*2 (W.D. La. 2012).

In *Tedford v. Warner-Lambert Cp.*, the Fifth Circuit held that the time limit for removal is not jurisdictional; it is merely modal and formal . . . ."  327 F.3d 423, 426 (5th Cir. 2003)

(quoting *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983)). Therefore, because the one-year time limit is not absolute, the court recognized an "equitable-tolling exception" whereby the one-year time limit can be extended when the plaintiff attempts to circumvent federal jurisdiction. *Id.* at 427. Furthermore, in determining whether to apply equitable tolling, the *Tedford* court also considered important the defendant's vigilance in seeking removal. *Id.*

Since *Tedford* district courts have grappled with the question of the sufficient level of proof of "bad faith" for equitable tolling to apply, particularly when the issue is over the plaintiff's failure to disclose the true amount in controversy.[3] The court must make a case-by-case determination, based upon the conduct of the parties, as to whether there was a "transparent attempt to avoid federal jurisdiction." *Williams v. Mor-Tem Risk Mgmt. Servs. Inc.*, 2012 WL 1014752 at *5 (W.D. La. 2012) (internal citations omitted); *see also Brower v. Staley, Inc.*, 306 F. App'x 36, 38 (5th Cir. 2008) (noting that the determination of whether to apply equitable tolling is based upon the parties' actions). In doing so, the court must balance the *Tedford* exception against "the general rule that removal jurisdiction is to be strictly construed [in favor of remand], as its application 'deprives a state court of a case properly before it and thereby implicates important federalism concerns.'" *Foster v. Landon*, 2004 WL 2496216 at *2 (E.D. La. 2004).

## B.  Waiver of the Right to Remove

The *Tedford* court also noted that a removing defendant could waive its removal rights, stating: "A waiver of the right to remove from state court must be clear and unequivocal; the

---

[3] *See* E. FARISH PERCY, *The* Tedford *Equitable Exception Permitting Removal of Diversity Cases After One Year: A Welcome Development or the Opening of Pandora's Box?*, 63 BAYLOR L. REV. 146, 183–85 (2011) (explaining that some courts require clear evidence of bad-faith forum manipulation, whereas other courts apply the exception more liberally).

right to removal is not lost by participating in state court short of seeking an adjudication on the merits." *Tedford*, 327 F.3d at 428.

### C.  Louisiana's Rule on Pleading Damages and its Effect on Removal

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000) (citing La. Code Civ. Proc. Art. 893).   Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999)).   A defendant may meet this burden by either: (1) showing that it is facially apparent that the amount in controversy exceeds $75,000.00, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy.  *Lucket*, 171 F.3d at 298.

Even if a defendant meets this burden, remand is still proper if the plaintiff demonstrates that it is legally certain that his recovery will not exceed the jurisdictional amount.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).   Plaintiffs can meet this burden by filing a pre-removal binding stipulation or affidavit affirmatively renouncing their right to accept a judgment in excess of $75,000.00.  *Id.* at 1412 (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam ).

Post-removal affidavits or stipulations do not deprive the district court of jurisdiction and they are not to be considered in support of remand unless, at the time of removal, the amount in controversy is ambiguous.  *Gebbia*, 233 F.3d at 883.   This rule against considering post-removal affidavits is based on the fact that the amount in controversy is determined on the basis of the record as it exists at the time of removal.  *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993).

In considering Louisiana's rule on pleading the amount of damages, courts have recognized "the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." *De Aguilar*, 47 F.3d at 1410.  Thus, a plaintiff's stipulation that the damages sought are less than $75,000 does not end the inquiry. *Hampton v. Smart Prof'l Photocopy Corp.*, 2003 WL 13323 at *2 (E.D. La. 2003).

## IV. DISCUSSION

The following questions are before the court: (A) whether Allstate's removal was timely under the *Tedford* exception; (B) whether Allstate waived its right to remove by proceeding in state court; and (C) whether Allstate has shown that the amount in controversy exceeds $75,000.

For the reasons that follow, the undersigned concludes that the *Tedford* exception applies in this case, that Allstate did not waive its right to remove, and that Allstate has shown that the amount in controversy is present.

### A.  Allstate's Removal Was Timely under the *Tedford* Exception

There is no dispute that Allstate removed this case well after the one-year deadline. Therefore Allstate may only survive the one-year deadline if the *Tedford* exception applies.  The undersigned, in reviewing plaintiffs' actions in this matter, concludes that plaintiffs clearly attempted to avoid federal jurisdiction, and thus application of the *Tedford* exception is warranted.

#### 1.  Plaintiffs Delayed Amendment in Order to Defeat Removal

After Allstate paid NationStar the outstanding mortgage balance on April 30, 2012, plaintiffs began to "explore" additional claims.  Doc. 10, att. 9.  Plaintiffs did not amend their

petition to assert these claims.  Plaintiffs did however continue after payment to issue deposition notices, discovery requests, and correspondence, culminating in the September 18, 2013, letter that prompted the first unsuccessful removal.[4]  Doc. 10, att. 14.  It was not until Allstate sought to have the case dismissed that plaintiffs finally made formal demands in state court, nearly two years after suit was filed and one year after plaintiffs first began, to bring up the possibility of additional claims.

It is clear that plaintiffs delayed amending in order to defeat federal jurisdiction.  Once Allstate paid the mortgage it was plaintiffs' decision whether to dismiss the state suit or pursue additional claims through amendment.  Had they amended within a year from filing suit Allstate certainly would have removed and the removal would have been procedurally proper.  Instead, plaintiffs pursued additional claims without amendment, making it impossible for Allstate to remove within the deadline.

We find further support of this conclusion by noting that plaintiffs delayed amendment until they were forced to do so in order to survive summary judgment.  Plaintiffs knew full well that an amendment would likely find them in federal court again.  We conclude that the failure to amend was not an oversight on plaintiffs' part.  We find that plaintiffs wished to manipulate their forum by keeping their claim under $75,000 for one year.   Thus, the *Tedford* exception is warranted, and the one-year deadline will be equitably tolled in this case.

---

[4] The letter itself admits that Plaintiffs' counsel "somewhat misled [Allstate] about where the case was going" and that he "planned to amend the pleadings to reflect [claims for full damages under the policy] in the near future." Doc. 10, att. 14. Allstate, in an effort to remove within the one-year deadline, attempted to remove based on Plaintiffs' informal posturing, but because there had been no formal claims yet made, this court was forced to remand the case.  U.S.D.C., W.D. La., Lake Charles Div., 2:12-cv-02731, doc. 21, pp. 3–4.

### 2.   Allstate's Refusal to Participate in Discovery was Warranted

Plaintiffs make much of Allstate's refusal to respond to discovery and deposition requests, claiming that "Allstate has steadfastly refused discovery on the whole issue of its policy defense." Doc. 11, p. 4. Apparently, plaintiffs' argument is that, because Allstate did not agree to depositions and did not respond to discovery, plaintiffs could not "[know] with certainty of any additional cause of action." *Id.* at 6. Plaintiffs further complain that, due to Allstate's conduct, they were forced to add a claim against the insurance agent who sold the policy "without having the benefit of the agent's testimony under oath related to same." *Id.*

Plaintiffs sought this discovery after Allstate had paid that which was asked for in the original complaint, i.e. the outstanding mortgage. No other claim was outstanding. In Louisiana any deposition or discovery request has to be in regard to "any matter, not privileged, which is *relevant to the subject matter involved in the pending action . . . .*" La. Code. Civ. Proc. art. 1422 (2013) (emphasis added). Insofar as the claim asserted had been satisfied there existed no other issue to which the sought-after information might be relevant.[5] Allstate was under no obligation to participate in discovery related to an unasserted claim.

It also bears noting that plaintiffs *did* finally amend their petition and were apparently able to do so without the discovery they had so long demanded. Plaintiffs did not seek judicial assistance with the state court to compel responses before amending. *See generally* doc. 1, att. 9 (showing that the state court record is devoid of any motions to compel). In short, it was entirely plaintiffs' decision whether or not to amend and when to do so. Any alleged action or inaction on the part of Allstate is irrelevant.

---

[5] Plaintiffs' cite *In re Vioxx Product Liability Litigation*, 2005 WL 3542885 (E.D. La. 2005), for the proposition that equitable tolling should not apply when a Plaintiff actively pursues depositions "in hopes of recovery, not in the hopes of evading federal jurisdiction." However, the instant case is distinguishable from *In re Vioxx*, because in that case the plaintiffs were attempting to recover for a claim that had already been made. In the instant case, there was no claim upon which the potential deponents could shed any light.

### 3. Allstate Has Been Vigilant in Seeking Removal

The second aspect of applying the *Tedford* exception is that the defendant must vigilantly seek removal. *Tedford*, 327 F.3d at 428.

In *Tedford,* the court noted that "[e]ach time it became apparent that the right to remove existed, [defendant] sought to exercise that right." *Id.* The same is true in the instant case. Allstate has twice sought to remove shortly after removal became apparent. Accordingly, the vigilance standard of *Tedford* is satisfied.

## B. Allstate Did not Waive its Right to Remove

Plaintiffs contend that Allstate waived its right to remove by filing dispositive motions in state court. Doc. 5, att. 2, pp. 16–17. In support of this argument plaintiffs cite *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) for the proposition that "even a defendant who [removes] timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court."

Allstate responds that, under the circumstances, their filing of dispositive motions does not evidence a "clear and unequivocal" intent to proceed in state court such that we should deem that Allstate waived its right to remove. Doc. 10, p. 10; *see also Tedford*, 327 F.3d at 428. We agree. A waiver may only occur when a case is initially removable yet a defendant proceeds in state court instead. *Stefanias v. Certain Underwriters at Lloyd's London*, 2007 WL 148408 at *3 (E.D. La. 2007). Here, the case was not removable until plaintiffs amended their petition *after* Allstate filed its motions. Once plaintiffs amended, Allstate promptly removed the case. Allstate's actions do not evidence a clear and unequivocal intent to seek state adjudication on the merits. To the contrary, Allstate has twice removed this case as soon as federal jurisdiction was arguably available.

Furthermore, *Brown* does not stand for the proposition that any litigation in state court constitutes a waiver and the facts of *Brown* are limited. *Stefanias*, 2007 WL 14808 at *3.   In *Brown*, the plaintiff sued multiple diverse defendants, but none of them sought removal to federal court.  *Brown*, 792 F.2d at 480. Five years after the original suit was filed plaintiff added additional diverse defendants and the later-added defendants promptly sought removal. *Id.*   The district court denied the plaintiff's motion to remand but the Fifth Circuit reversed. *Id.* The higher court reasoned that the original diverse defendants' failure to seek removal and lengthy litigation in state court waived the right to remove. *Id.*   Here, unlike the original defendants in *Brown*, Allstate has sought removal whenever possible.

Accordingly, we conclude that Allstate did not waive its right to removal.

### C.  Allstate has Carried Its Burden of Showing the Requisite Amount in Controversy

Having decided that Allstate's removal was procedurally proper, we must still determine whether Allstate has shown that federal jurisdiction exists.  *See De Aguilar*, 47 F.3d at 1408   As the parties are indisputably diverse, it is incumbent on Allstate to show that the amount in controversy is over $75,000.  Allstate may meet this burden by showing by a preponderance of the evidence: (1) that it is facially apparent from the Amended Petition that the amount in controversy is likely to exceed $75,000; or (2) setting forth facts in its removal petition that support such a finding. *See Gebbia*, 233 F.3d at 882.

It is the value of the claim actually made, not necessarily the value of the policy, which is determinative.  *See Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1173 (La. 2011).  The value of the claim is determined at the time of removal. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 73 (1996).

The question therefore turns on the value of the claim as stated in the Amended Petition. Plaintiffs claim that Allstate is liable for the following damages: (a) the difference between the mortgage that was paid to NationStar and the value of the home; (b) the value of the contents coverage in the home at the time of the loss; and (c) damages for debris removal and for other-structure value under the policy.  Doc. 1, att. 4, p. 1.  Plaintiffs further seek statutory penalties and attorneys' fees on the grounds that Allstate's failure to timely pay their claims was arbitrary and capricious.  *Id.*  Finally, although plaintiffs have pled that their damages are still less than $75,000, that stipulation is not binding or determinative.[6]

We conclude that Allstate has met its burden of showing by a preponderance of the evidence that Plaintiffs' claim will likely exceed $75,000.  Although Allstate may not merely rely on the policy limits for arguing the amount in controversy, *Doxey v. Scottsdale Ins. Co.*, 2013 WL 1501021 (W.D. La. 04/11/13), plaintiffs are alleging a total loss of the home. In essence, then, plaintiffs are stating that their damages are the same as or approach the policy limits. *See Bright Star Baptist Church v. State Farm Fire and Cas. Ins. Co.*, 2011 WL 2014864 at *2 (W.D. La. 2011).

Regarding the home itself, the policy provides dwelling limits of $103,000. The full amount of that policy limit must be considered despite Allstate's previous mortgage payment. Plaintiffs' amended petition does not reduce the mortgage-payment claim found in paragraphs 7 and 8 of the original petition. *See* doc. 1, att. 5, p. 1. The claims in the amended petition must be considered as part of the original petition on the date of its filing. La. Code Civ. Proc. art. 1153.

---

[6] A stipulation as to the amount of damages is binding and may preclude removal only when plaintiff affirmatively waives the right to recover over that amount. *See, e.g.*, *Bayou Mosquito & Pest Mgmt.., LLC v. Bellsouth Telecommunications, LLC*, 2013 WL 634253 (W.D. La. 02/19/13)*; Griffin v. Ga. Gulf Lake Charles, LLC*, 562 F. Supp. 2d 775 (W.D. La. 2008).

Accordingly, the petition as amended states a claim for the full value of the policy including the amount owed on the mortgage.

That Allstate apparently paid the mortgage balance after plaintiffs filed suit does not affect the amount-in-controversy determination.  The determination is based on the plaintiff's complaint at the time the notice of removal is filed.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). Here, when Allstate filed their notice, plaintiff's complaint consisted of a claim for the unpaid mortgage balance and the claims added by the amended petition. Plaintiff's $103,000 claim for the value of the home is itself sufficient to meet the jurisdictional requirement.

Furthermore, even if we were to subtract the amount of the mortgage payment, the requisite amount-in-controversy would still be present. Subtracting $56,003.96 from the dwelling limit of $103,000, we would be left with an amount in controversy of $46,996.04. That base amount would rise to an indeterminate level by adding plaintiffs' other claims for out-of-pocket mortgage expenses, contents coverage, debris-removal expenses, and other-structure value. The claims for statutory penalties and attorneys' fees could then double the amount of damages. Therefore, it is clear that plaintiffs' claims would still exceed $75,000.00 if the mortgage payment were subtracted.

Accordingly, the amount-in-controversy requirement is met, and the exercise of diversity subject matter jurisdiction is proper.

### V. CONCLUSION

Considering the foregoing, it is ordered that plaintiffs' Motion to Remand is hereby DENIED.

Plaintiffs' claim for attorneys' fees and costs associated with the preparation of their Motion is likewise DENIED.

THUS DONE AND SIGNED in Chambers this 7th day of November, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE